Martín J. Travieso, Petitioner and Appellee, *v.* Retirement
Board of the Permanent Officials and Employees of the
Government of Puerto Rico, etc., Defendants and Appellants.

No. 7630.   Argued March 16, 1938.—Decided March 31, 1938.

*Miguel A. Muñoz* for appellants.   *C. Iriarte, F. Fernández Cuyar*
and *H. González Blanes* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

The fundamental issue before the Court in this case has
been covered, we think, by the decision in the case of *Fernández Toste* v. *MacLeod et al.* (*ante,* p. 867).   In the latter
case it was held that the right of a pensioner who had retired
under Act No. 104 of 1925 (Laws, p. 948) as subsequently
amended, was a vested right and therefore could not be
affected by Section 11 of Act No. 23 of 1935 (Session
Laws, 126, 138), which attempted to reduce his pension.
Section 11, *supra,* was declared to be unconstitutional.

This case differs from the one above in that the pensioner, Martín J. Travieso, who had retired under similar
circumstances, was requested, more than two years after he
had been enjoying his retirement annuity, to fill out and
file with the "Retirement Board", under oath, a detailed

account of his income from whatever source it should proceed. He was informed that until he did this his pension would be suspended. Inasmuch as the pensioner did not comply with such a request, the said pension was thereafter out-off by the Retirement Board, which relied on Section 19 of Act No. 23 of 1935, *supra*. The pertinent part of this Section reads as follows:

"Every pensioner shall cease to receive his annuity during such time as he may be holding any position with salary or compensation of any kind derived from any governmental source, whether Federal, Insular, or munic'pal, or when his income from any source is equal to or exceeds the salary which he received at the time of his retirement. However . . ."

On January 31, 1937, or about a year and a half after he had been deprived of the privileges of his annuity, Martín J. Travieso filed a mandamus against the "Retirement Board" and its individual members in their official capacity, to recover the amounts which he had ceased to receive. The lower court rendered judgment in his favor.

■■ On appeal, the Retirement Board has assigned four errors. The first three of them involve the determination of whether the appellee's right to his pension after he has retired is a vested one. The remaining assignment raises the question as to whether the pensioner incurred in "laches."

The first of the above questions, we hold, has been fully answered by the decision of this court already mentioned. According to the doctrine expressed in that case, if the recited portion of Section 19 of Act No. 23 of 1935, *supra*, were applicable to those persons who like the petitioner had retired before such act went into force; the provision would be unconstitutional.

■■ There is, perhaps, an additional reason in this particular case for which to affirm the judgment of the lower court. It seems to us that the "Retirement Board" had no authority to require from the petitioner a detailed account of his income, and consequently that the latter had no obliga-

tion to make such a return. Assuming that Section 19, *supra,* is constitutional, we question the right of the "Board," simply because of the failure of a pensioner to make a return, to presume that his income from other sources is equal to or exceeds his erstwhile salary. We are of the opinion that under Section 19, *supra,* the burden of showing that the pensioner is not entitled to continue in the enjoyment of his pension falls upon the "Retirement Board." In that sense, we feel that there was no justification for summary action taken by the Board.

We agree absolutely with the holding and reasoning of the lower court that the delay in this case was not laches.

The judgment of the District Court of San Juan should therefore be affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.